IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENSION FUND FOR HOSPITAL AND HEALTH CARE EMPLOYEES - PHILADELPHIA AND VICINITY; and LAVERNE DEVALIA, Executive Director<br>1319 Locust Street, 3rd Floor<br>Philadelphia, PA 19107<br><br>       Plaintiffs,<br><br>v.<br><br>COMPASS GROUP NAD and ITS DIVISIONS, MORRISON HEALTHCARE FOOD SERVICES AT PRESBYTERIAN MEDICAL CENTER<br>39TH & Market<br>Philadelphia, PA  19104-2699<br><br>       Defendant. | : CIVIL ACTION<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C. §1367.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

### VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4. Plaintiff Pension Fund for Hospital and Health Care Employees – Philadelphia and Vicinity ("Pension Fund"), is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3). The Fund is administered within the Eastern District of Pennsylvania, with a business address listed in the caption.

5. Plaintiff Laverne DeValia ("DeValia") is the Executive Director and fiduciary with respect to the Fund within the meaning of 29 U.S.C. § 1002 (21) with a business address as listed in the caption. She is authorized to bring this action on behalf of all Trustees of the Pension Fund.

6. Defendant Compass Group NAD and its Divisions, including Morrison Healthcare Food Services ("Compass" or "Employer") is an employer in an industry affecting commerce with the meaning of 29 U.S.C. § §152 (2), (6) and (7), 1002(5), (11) and (12) with a business address listed in the caption and a corporate headquarters at 2400 Yorkmont Rd, Charlotte, NC 28217.

## FACTS

6. At all times relevant to this action, Compass was party to a collective bargaining agreement with the National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, District 1199C ("Labor Contract"). A true and correct copy of the Labor Contract for facilities employees is attached as Exhibit 1.

7. Compass also agreed to abide by the terms of the Declaration of Trust, as from time to time amended ("Trust Agreement") made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

8. Under the Labor Contract or Trust Agreement, the Employer agreed:

(a) To make full and timely payments on a monthly basis to the Fund;

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of the corporate Employer's records concerning its obligations to the Fund; and

(d) To pay interest and liquidated damages and all costs of litigation expended by the Fund to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations.

9. The Pension Protection Act of 2006, ("PPA") amended ERISA providing additional safeguards for participants to promote adequate funding of defined benefit plans. ERISA section 305(e)(7)(A) obligates an employer to pay an automatic surcharge to a multiemployer pension plan that is in "critical status." 29 U.S.C. § 1085(e)(7)(A). Depending on how long the plan has been in critical status, the surcharge is equal to either five or ten percent of the "contributions otherwise required under the applicable [CBA]." *See* 29 U.S.C. § 1085(e)(7).

10. The plain language of ERISA section 305(e)(7)(A) clarifies this point:

Each employer *otherwise obligated to make contributions* for the initial critical year shall be obligated to pay to the plan for such year a surcharge equal to 5 percent of the *contributions otherwise required under the applicable [CBA]* (or other agreement pursuant to which the employer contributes). For each succeeding plan year in which the plan is in critical status for a consecutive period of years beginning with the initial critical year, the surcharge shall be 10 percent of the *contributions otherwise so required.*

11. On April 22, 2016, Laverne DeValia, Executive Director of the Fund sent all Contributing Employers a letter stating that the Fund Actuary deemed the Fund to be in "critical status" for the plan year beginning January 1, 2016. Her letter advised the Contributing

Employers that the new contribution rate with surcharge, effective July 1, 2016 was 19.6875% of monthly gross wages for employees covered under the collective bargaining agreement. Effective January 1, 2017, the new contribution rate with surcharge was 20.625% of monthly gross wages. A true and correct copy of the April 22, 2016 letter is hereto attached as Exhibit 2.

12. Compass failed to pay the surcharge. A demand letter was sent to Compass on April 25, 2017 demanding the shortage in payment from July 1, 2016 to February 2017. Compass continues not to pay the surcharge and owes at least $17,828.08 due to its failure to pay the surcharge through April 2017. A true and correct copy of the April 25, 2017 letter is hereto attached as Exhibit 3.

## COUNT I
## CONTRIBUTIONS UNDER CONTRACT

13. The allegations of Paragraphs 1 through 12 are incorporated by reference as if fully restated.

10. Compass owes the Fund at least the sum of $17,828.08 due under the Labor Contract representing contributions shortages for the period from July 2016 through April 2017.

11. Compass has not paid the Fund as required by the Labor Contracts or Trust Agreement, which requires the employer to pay contributions.

WHEREFORE, Plaintiff asks that the Court:

(1) Enter judgment against Compass and in favor of the Fund for at least the sum of $17,828.08, plus any additional amounts which are found to be due and owing during the pendency of this litigation, including liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate

## COUNT II
## CONTRIBUTIONS UNDER ERISA

12. The allegations of Paragraph 1 through 11 are incorporated by reference as if fully restated.

13. Compass has failed to pay contributions in the amount of $17,828.08 to the Fund in violation of 29 U.S.C. §§ 1145 and 1085(e)(7)(A).

14. The Fund has been damaged by the Employer's violation of 29 U.S.C. §§ 1145 and 1085(e)(7)(A).

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against Compass and in favor of the Fund for at least the sum of $17,828.08 together with interest at the rate prescribed by 26 U.S.C. § 6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Fund or statute and reasonable attorneys' fees and costs incurred in this action for the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                        Respectfully submitted,

                        FREEDMAN AND LORRY, P.C.

BY: _____
       SUSAN A. MURRAY (ID NO. 53036)
       1601 Market Street, Suite 1500
       Philadelphia, PA 19106
       (215) 925-8400
       Attorneys for Plaintiffs

Date:  July31, 2017